**Maria Eugenia PINTOR
ANGEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–72594.

United States Court of Appeals,
Ninth Circuit.

Feb. 13, 2006.*

Decided Feb. 21, 2006.

. Simon Salinas, Esq., Tustin, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

María Eugenia Pintor Angel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal for failure to establish ten years of continuous physical presence in the United States, as required by 8 U.S.C. § 1229b(b)(1)(A). She contends that her return to Mexico in 1996 did not interrupt her presence in the United States because it was not an administrative voluntary departure under threat of deportation. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Pintor Angel testified that in June 1996 immigration officials found her at her workplace, detained her, photographed her, and took her to Tijuana in a bus. She

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

testified that the officials did not finger-print her and did not give her any papers to sign. She also testified that the officials told her "[t]hat [she] signed for voluntary departure." The immigration judge took "judicial notice that one who is appre-hended at a work site and goes to Mexico on one of the INS buses, certainly would have received from INS some documents to show that she had left the United States under this voluntary departure grant."

We recently held that the fact that an alien is turned around at the border, even when the alien is fingerprinted and infor-mation about his attempted entry is en-tered into the government's computer da-tabase, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005). However, we previously held that an ad-ministrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961 (9th Cir.2003) (per curiam).

On the record before us, we cannot de-termine whether Pintor Angel's return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia,* or an administrative voluntary de-parture, as discussed in *Vasquez–Lopez.* We therefore grant the petition and re-mand to the Board for further proceedings concerning Pintor Angel's contact with im-migration officials in 1996.

## PETITION FOR REVIEW GRANT-ED; REMANDED

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and may not be cited to or by the